RECEIVED

JUL 2 8 2018

OFFICE OF GENERAL COUNSEL

STATE OF ARIZONA
DEPT. OF INSURANCE

JUL 2 5 2018

TIME _____
SERVICE OF PROCESS
8-1-18 DW

**MERLIN LAW GROUP, P.A.**
Kesha A. Hodge (State Bar No. 021824)
KHodge@merlinlawgroup.com
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
Telephone: (480) 315-9980

Attorney for Plaintiff

**ARIZONA SUPERIOR COURT**

**MARICOPA COUNTY**

SALRAM ENTERPRISES, LLC, an Arizona
limited liability company,

Plaintiff,

vs.

NGM INSURANCE COMPANY, a Florida
corporation,

Defendant.

**CASE NO.**

CV2018-005187

**SUMMONS**

**TO THE DEFENDANT:**

**NGM INSURANCE COMPANY**
c/o Arizona Department of Insurance
2910 North 44th Street, 2nd Floor
Phoenix, Arizona 85018
(602) 364-3100

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the summons and complaint upon you, exclusive of the day of service. If served outside Arizona, you shall appear and defend within 30 days after the service of the summons and complaint upon you, exclusive of the day of service. Other provisions of law which may apply to you can be found at 16 A.R.S. Rules of Civil Procedure, Rule 4; A.R.S. §§ 20-222, 28-502, and 28-503.

YOU ARE HEREBY NOTIFIED that if you fail to appear and defend within the time applicable, judgment by default may be rendered against you for the relief

T1986894.DOCX;1

1  demanded in the complaint.

2      YOU ARE CAUTIONED that in order to appear and defend, you must file an

3  answer or proper response in writing with the Clerk of this Court, accompanied by the

4  necessary filing fee, within the time required, and you are required to serve a copy of any

5  answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. § 12 311; RCP 5.

6      The contact information for Plaintiff's attorneys is as follows:

7          Kesha A. Hodge
8          MERLIN LAW GROUP, P.A.
           2999 North 44th Street, Suite 520
9          Phoenix, Arizona 85018
           Tel:   (480) 315-9980      Fax:   (480) 315-9984

10      Requests for reasonable accommodation for persons with disabilities must be

11  made to the division assigned to the case by the party needing accommodation or his/her

12  counsel at least three (3) judicial days in advance of a scheduled proceeding. Requests for

13  an interpreter for persons with limited English proficiency must be made to the division

14  assigned to the case by the party needing the interpreter and/or translator or his/her

15  counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

16

17      SEALED & DATED: _____.

18                               CHRIS DEROSE, CLERK

19                                      JUL 2 4 2018

20                                      CHRIS DEROSE, CLERK
21                          By:                R. WEBB
                            Deputy Clerk       DEPUTY CLERK

22

23

24

25

26

27

28

**MERLIN LAW GROUP, P.A.**
Kesha A. Hodge (State Bar No. 021824)
KHodge@merlinlawgroup.com
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
Telephone: (480) 315-9980
*Attorneys for Plaintiff*

**COPY**

**JUL 2 4 2018**

CHRIS DEROSE, CLERK
R. WEBB
DEPUTY CLERK

## ARIZONA SUPERIOR COURT

## MARICOPA COUNTY

SALRAM ENTERPRISES, LLC, an Arizona limited liability company,

Plaintiff,

vs.

NGM INSURANCE COMPANY, a Florida corporation,

Defendant.

Case No.:

CV2018-005187

**CERTIFICATION REGARDING COMPULSORY ARBITRATION**

(Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Tortious Bad Faith)

The undersigned certifies that the largest award sought by Plaintiff, including punitive damages, but excluding interest, attorney's fees and costs does exceed limits set by Local Rule for compulsory arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration. The amount of damages could change with discovery and Plaintiff reserves the right to amend the Certificate.

DATED this 24th day of July, 2018.

MERLIN LAW GROUP, P.A.

By _____
Kesha A. Hodge
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
*Attorneys for Plaintiff*

T1986886.DOCX;1



**COPY**

JUL 2 4 2018

CHRIS DEROSE, CLERK
R. WEBB
DEPUTY CLERK

1   **MERLIN LAW GROUP, P.A.**
2   Kesha A. Hodge (State Bar No. 021824)
    KHodge@merlinlawgroup.com
3   2999 North 44th Street, Suite 520
    Phoenix, Arizona 85018
4   Telephone: (480) 315-9980
5   *Attorneys for Plaintiff*

6                    **ARIZONA SUPERIOR COURT**

7                        **MARICOPA COUNTY**

8   SALRAM ENTERPRISES, LLC, an Arizona          Case No. 2018-005187
9   limited liability company,

10                                                **DEMAND FOR JURY TRIAL**
            Plaintiff,
11      vs.

12  NGM INSURANCE COMPANY, a Florida
13  corporation,

14          Defendant.

15

16          Pursuant to the provisions of Arizona Rule of Civil Procedure 38(b), Plaintiff

17  Salram Enterprises, LLC hereby requests a trial by jury of all issues triable of right by a

18  jury in the above-captioned action.

19          DATED this 24th day of July, 2018.

20

21                                  MERLIN LAW GROUP, P.A.

22

23                          By
                                    Kesha A. Hodge
24                                  2999 North 44th Street, Suite 520
                                    Phoenix, Arizona 85018
25                                  *Attorneys for Plaintiff*

26

27

28

T1986891.DOCX;1

1  **MERLIN LAW GROUP, P.A.**
2  Kesha A. Hodge (State Bar No. 021824)
   KHodge@merlinlawgroup.com
3  2999 North 44th Street, Suite 520
   Phoenix, Arizona 85018
4  Telephone: (480) 315-9980
5  *Attorneys for Plaintiff*





JUL 2 4 2018

CHRIS DEROSE, CLERK
R. WEBB
DEPUTY CLERK

6              **ARIZONA SUPERIOR COURT**

7              **MARICOPA COUNTY**

8  SALRAM ENTERPRISES, LLC, an          Case No.: CV2018-005187
9  Arizona limited liability company,

10                                        **COMPLAINT**

11         Plaintiff,                     **(Breach of Contract, Breach of Implied**
   vs.                                    **Covenant of Good Faith and Fair**
12                                        **Dealing, and Tortious Bad Faith)**
   NGM INSURANCE COMPANY, a Florida
13 corporation,                           *Jury Trial Demanded*

14         Defendant.                     *Commercial Court Requested*

15

16         For its Complaint, Plaintiff Salram Enterprises, LLC hereby alleges as follows:

17              **PARTIES, JURISDICTION AND VENUE**

18         1.     Plaintiff Salram Enterprises, LLC ("Salram") is an Arizona limited liability

19  corporation.

20         2.     Defendant NGM Insurance Company ("NGM") is a Florida corporation

21  conducting business, including insurance transactions, in the State of Arizona.   Upon

22  information and belief, NGM is authorized by the Arizona Department of Insurance to

23  issue and sell property and casualty insurance in the State of Arizona.

24         3.     This lawsuit involves property insurance coverage for certain real property

25  situated in Maricopa County, Arizona.

26         4.     Subject matter jurisdiction is proper pursuant to Arizona Constitution, article

27  six, section fourteen and Arizona Revised Statutes ("A.R.S.") section 12-123.

28

T1977173.DOCX;1

1    5.    The amount in controversy exceeds the minimum jurisdictional limit of this
2  Court.

3    6.    Upon information and belief, the amount in controversy exceeds $300,000.

4    7.    Pursuant to A.R.S. § 12-401, venue is proper in this Court.

5    8.    Salram respectfully demands a trial by jury on all issues so triable.

6                              **FACTUAL ALLEGATIONS**

7    9.    Salram owns the real property located at 2438 E. McDowell Road, Phoenix,
8  Arizona 85008-3551 (the "Property").

9    10.   The Property consists of one commercial building.

10   11.   NGM and/or its affiliate issued an insurance policy to Salram covering the
11 Property, with a policy period beginning June 18, 2016 and ending on June 18, 2017.  The
12 policy of insurance is identified as policy number BPT6900J (the "Policy").  A certified
13 copy of the Policy is attached hereto as **Exhibit A**.

14   12.   Among other things, the Policy Page provides coverage for the building with
15 a limit of $1,607,112 with "Extended Value Replacement" valuation and loss of business
16 income coverage for the actual loss incurred for a limit of twelve months.

17   13.   On or about July 25, 2016, a storm struck and damaged the Property ("the
18 Loss").  The storm included hail, high winds and rain.

19   14.   Salram timely submitted a claim ("the Claim") to NGM.  The Claim was
20 assigned as Claim No. 01-BPT6900J-100001 and sent to Mosher Adjustment Company,
21 Inc. ("Mosher") to investigate.

22   15.   On or about August 16, 2016, NGM sent a letter to Salram (1) enclosing the
23 loss evaluation by Mosher, which calculated the actual case value of the Loss at $26,677.53
24 (consisting of repair costs of $32,041.36, mitigation costs of $2,750.00, less recoverable
25 depreciation of $5,613.83 and deductible of $2,500.00) and (2) requesting completion of a
26 Sworn Statement in Proof of Loss since the loss total was over $25,000.00.

27   16.   Salram disagreed with the damage calculation from Mosher.

28

T1977173.DOCX;1                          2

1       17.    On or about August 25, 2016, Salram retained John Palau, P.A., a public

2  adjusting firm, ("Palau") to assist with the Claim.

3       18.    Palau evaluated the Loss and, with the assistance of a licensed contractor,

4  determined that the replacement cost value of the Loss exceeded $300,000.00.

5       19.    In addition to the items evaluated by Mosher, the loss evaluation by Palau

6  included damages not fully evaluated by Mosher, including but not limited to, water

7  intrusion into the electrical panels causing electrical shorts in the system, damages to the

8  roof, and damages to exterior fixtures.

9       20.    Salram also paid $54,371.86 in emergency remediation procedures to avoid

10  additional damages to the Property.

11      21.    On or about September 20, 2016, Salram submitted a Sworn Statement in

12  Proof of Loss.

13      22.    NGM has failed or refused to pay an amounts other than the amounts set

14  forth in the Moshier loss evaluation.

15                                  **COUNT ONE**

16                          **(Breach of Insurance Contract)**

17      23.    Salram incorporates the foregoing allegations by this reference.

18      24.    NGM agreed to insure Salram under the Policy, and in connection therewith,

19  NGM undertook indemnity obligations to Salram.

20      25.    NGM received premiums from Salram in exchange for its indemnity

21  obligations under the Policy.

22      26.    The Policy, like all agreements in the State of Arizona, contains an implied

23  covenant of good faith and fair dealing.

24      27.    Salram fulfilled its obligations under the Policy.

25      28.    By wrongfully failing to fully indemnify and pay the Claim, NGM breached

26  its insurance contract with Salram, including the implied covenant of good faith and fair

27  dealing in that insurance contract, thereby depriving Salram of the benefits it was to have

28  received under that insurance contract.

1    29.    NGM failed to perform its obligations under the insurance contract.

2    30.    NGM failed to conduct an adequate and timely investigation of the loss and it
3    failed to make payments owed under the Policy.

4    31.    NGM breached its contractual obligations to Salram.

5    32.    NGM breached the contract for insurance, including the implied covenant of
6    good faith and fair dealing, thereby giving rise to damages.

7    33.    As a direct and proximate result of the conduct by NGM, Salram sustained
8    reasonably foreseeable damages in an amount to be proven at trial.

9    34.    Salram is also entitled to an award of its costs and attorneys' fees under
10   A.R.S. §§ 12-341 and 12-341.01.

11                                    **COUNT TWO**

12                                    **(Bad Faith)**

13   35.    Salram incorporates the foregoing allegations by this reference.

14   36.    Arizona courts have explicitly held that an "insurance contract is not an
15   ordinary commercial bargain; 'implicit in the contract and the relationship is the insurer's
16   obligation to play fairly with its insured.'" *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 196
17   Ariz. 234, 237, 995 P.2d 276, 279 (2000) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149,
18   154, 726 P.2d 565, 570 (1986)). An "insurer has 'some duties of a fiduciary nature,'
19   including '[e]qual consideration, fairness and honesty.'" *Id.*

20   37.    Furthermore, "[t]he carrier has an obligation to immediately conduct an
21   adequate investigation, act reasonably in evaluating the claim, and act promptly in paying a
22   legitimate claim. It should do nothing that jeopardizes the insured's security under the
23   policy. It should not force an insured to go through needless adversarial hoops to achieve
24   its rights under the policy. It cannot lowball claims or delay claims hoping that the insured
25   will settle for less. Equal consideration of the insured requires more than that." *Zilisch*,
26   196 Ariz. at 238, 995 P.2d at 280.

27

28

T1977173.DOCX;1                          4

38.     In all aspects of investigating or evaluating a claim, an insurance carrier is required to give as much consideration to policyholder's interests as it does to its own interests.

39.     Arizona law provides that "the insured is entitled to expect that the insurer will be 'on his side' at least to the extent of treating him honestly and fairly. . . ." *Rawlings*, 151 Ariz. 149, 155, 726 P.2d 565, 571 (1986)

40.     Under Arizona law, "An insurance company must conduct an 'adequate investigation' into an insured's claim for benefits." *American Family Mut. Ins. v. Grant*, 222 Ariz. 507, 512, 217 P.3d 1212, 1217 (App. 2009).

41.     "Indifference to facts or failure to investigate are sufficient to establish the tort of bad faith." *Rawlings*, 151 Ariz. at 162, 726 P.2d at 578; *Nardelli v. Metropolitan Group Property & Cas. Ins. Co.*, 230 Ariz. 592, 604, 277 P.3d 789, 801 (App. 2012).

42.     "An insurance company's failure to adequately investigate . . . becomes material when a further investigation would have disclosed relevant facts." *Aetna Cas. & Sur. Co. v. Superior Court in and for County of Maricopa*, 161 Ariz. 437, 440, 778 P.2d 1333, 1336 (App. 1989).

43.     "When recovery is sought under an insurance contract, the insured has the burden of proving that his loss was due to an insured risk. In order to establish a prima facie case, [the insured] must prove the insurance policy, the happening of the insured event, and the giving of notice as provided in the policy. The insurer, on the other hand, has the burden of showing that the loss was within a policy exclusion." *Pacific Indem. Co. v. Kohlhase*, 9 Ariz. App. 595, 597, 455 P.2d 277, 279 (1969).

44.     Salram established a prima facie case for recovery under the Policy.

45.     The Claim is a covered loss under the Policy.

46.     Pursuant to the terms of the Policy, NGM was obligated to pay Salram for the loss associated with and arising from the storm.

1       47.    Pursuant to the Policy and Arizona common law, NGM owes and continues

2 to owe a duty of good faith and fair dealing to Salram. NGM breached its duty of good

3 faith and fair dealing to Salram, both substantively and by bad faith claims handling.

4       48.    NGM failed to conduct an adequate investigation of the Claim.

5       49.    NGM failed to process the claim in a proper manner.

6       50.    Without any reasonable justification for doing so, NGM has failed to make

7 payments owed to Salram under the Policy for the loss, by committing improper acts.

8       51.    As a direct and proximate result of the acts and omissions of NGM, Salram

9 has suffered both contract damages and extra-contractual / consequential damages.

10       52.    Salram is entitled to an appropriate award of punitive damages.

11       53.    Salram is also entitled to an award of its costs and attorneys' fees under

12 A.R.S. §§ 12-341 and 12-341.01.

13       WHEREFORE, on this claim, Plaintiff Salram Enterprises, LLC requests judgment

14 against Defendant NGM Insurance Company as follows:

15           A.    For compensatory damages in a just and reasonable amount (including

16 both contractual damages and extra-contractual or consequential damages);

17           B.    For exemplary or punitive damages in a just and reasonable amount;

18           C.    For attorneys' fees and costs;

19           D.    For pre- and post-judgment interest;

20           E.    For taxable costs pursuant to A.R.S. § 12-341; and

21           F.    For such other and further relief as the Court deems just and proper.

22       DATED this 24th day of July, 2018.

23                           MERLIN LAW GROUP, P.A.

24

25                     By

                          Kesha A. Hodge

26                           2999 North 44th Street, Suite 520

27                           Phoenix, Arizona 85018

                          *Attorneys for Plaintiff*

28